UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIN-ANDRES GERARDO,<br><br>                             Plaintiff,<br>    v.<br><br>JOHN C. CAIN, et al.,<br><br>                             Defendants. | No. C10-5163 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (Dkt. 3) is pending. On March 9, 2010, Plaintiff filed his proposed civil rights complaint. Dkt. 1. After reviewing Plaintiff's proposed complaint, the court finds that it is deficient.

*DISCUSSION*

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id.* While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Mr. Gerardo has failed to state a claim upon which relief can be granted. Mr. Gerardo seeks to recover $50,000 for "emotional mental distress and personal deprivation of civil rights" against his attorney and the prosecuting attorney in

ORDER TO AMEND OR SHOW CAUSE- 2

connection with a criminal case that apparently is either ongoing or resulted in a judgment of conviction pursuant to which Mr. Gerardo is presently incarcerated.

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23

ORDER TO AMEND OR SHOW CAUSE- 3

(9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.  Because Mr. Gerardo seeks an earlier release from confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his incarceration is through a habeas corpus petition, which he must first file in state court.

It appears that Mr. Gerardo is requesting monetary compensation for his alleged unlawful incarceration.  Dkt. 1, p. 4.  As noted above, however, before a prisoner may sue to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In addition, in order to recover under § 1983, a plaintiff must allege and prove that defendants acted under color of state law to deprive the plaintiff of a right secured by the Constitution or federal statute.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988).  Generally, private parties are not acting under color of state law. See *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.1991).  In this case, Mr. Gerardo is attempting to sue his trial counsel.  However, it is established that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 317, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Rivera v. Green*, 775 F.2d 1381, 1384 (9th Cir.1985).

Mr. Gerardo also purports to sue Jesse Williams, a prosecuting attorney, claiming that he "conspired" with Mr. Gerardo's counsel to deprive Mr. Gerardo of his constitutional rights.  Dkt. 1, p. 3. Mr. Gerardo is advised that a state prosecuting attorney who acts within the scope of his

ORDER TO AMEND OR SHOW CAUSE- 4

or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

Due to the deficiencies described above, the Court will not serve the complaint. Mr. Gerardo may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **May 21, 2010.** If Mr. Gerardo chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. § 1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Gerardo shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Gerardo shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference,

ORDER TO AMEND OR SHOW CAUSE- 5

and it must be clearly labeled the "First Amended Complaint" and Cause Number C10-5163 RBL/KLS must be written in the caption. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Gerardo decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **May 21, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Mr. Gerardo the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this  23rd  day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6