UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIN-ANDRES GERARDO,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN C. CAIN, *et al.*,<br><br>                Defendants. | No. C10-5163 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: July 2, 2010** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. After reviewing the complaint in this action the undersigned recommends that the action be dismissed without prejudice prior to service because Mr. Gerardo's claims are not cognizable under 42 U.S.C. § 1983, but must be pursued through a petition for habeas corpus.

**FACTUAL BACKGROUND**

In his complaint, Mr. Gerardo seeks to recover $50,000 for "emotional mental distress and personal deprivation of civil rights" from his defense attorney and the prosecuting attorney in Mr. Gerardo's state criminal case that is either ongoing or has resulted in a judgment of conviction pursuant to which Mr. Gerardo is presently incarcerated. Dkt. 1. On April 26, 2010, Mr. Gerardo was ordered to show cause why this action should not be dismissed or to file an amended civil rights complaint seeking relief cognizable under 42 U.S.C. § 1983. Dkt. 4. Mr. Gerardo responded that his complaint should not be dismissed because his former attorney

REPORT AND RECOMMENDATION - 1

discriminated against him, and together with the prosecutor in his criminal case, coerced Mr. Gerardo into entering a plea. Dkt. 5.

## *DISCUSSION*

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels*

REPORT AND RECOMMENDATION - 2

*v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

The court gave Mr. Gerardo leave to file an amended complaint and/or to show cause why this case should not be dismissed for failure to state a claim.  Dkt. 4.  In his response, Mr. Gerardo simply reiterates that his trial counsel and prosecutor conspired together to force him to enter a plea.  He has not alleged any cognizable claims under 42 U.S.C. § 1983.

REPORT AND RECOMMENDATION - 3

Because Mr. Gerardo seeks monetary compensation for his alleged unlawful conviction and/or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Thus, the appropriate course of action for Mr. Gerardo is to pursue his claims through a habeas corpus petition, which he must first file in state court.

## *CONCLUSION*

Plaintiff has not stated a cognizable claim under 42 U.S.C. § 1983.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 3) in this matter should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 2, 2010**, as noted in the caption.

DATED this   9th   day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4